UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHY WADE, NORMAN ROGERS AND OTHERS SIMILARLY SITUATED*** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | |
| **LIMOUSINE LIVERY, LTD** | * | MAGISTRATE: |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\* \* \* \*

## COMPLAINT

**NOW INTO COURT**, though undersigned counsel, come Plaintiffs Cathy Wade, Norman Rogers and others similarly situated and for their original Complaint against Defendant Limousine Livery, LTD ("Limousine Livery"), respectfully represent as follows:

## JURISDICTION

1.

Jurisdiction is conferred on this Court under 29 U.S.C. §216 and 28 U.S.C. §1331.

## VENUE

2.

Venue is proper as the unlawful acts alleged herein occurred within the Eastern District of Louisiana.

## **PARTIES**

3.

At all times pertinent hereto, Plaintiffs were employees of Limousine Livery.

4.

Limousine Livery was at all times pertinent hereto subject to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*

## **STATEMENT OF THE CASE**

5.

At all times pertinent hereto, Limousine Livery was the "employer" of Plaintiffs as that term is defined in 29 U.S.C. §203.  Plaintiffs were at all times "employees" of Limousine Livery as that term is defined in 29 U.S.C. §203.

6.

Plaintiffs were employed by Limousine Livery as chauffeurs whose job responsibilities included transporting passengers by driving vehicles owned or operated by Limousine Livery. Plaintiff Wade was employed in this position from September 2009 until July 2011.  Plaintiff Rogers was employed in this position from June 2010 until December 2011.

7.

In their capacities, Plaintiffs regularly and routinely worked in excess of forty hours per week. However, rather than being paid at a rate of one and a half times their normal wage for all hours worked in excess of forty hours per week, Plaintiffs instead were simply paid at their normal wage for those hours, in violation of the FLSA.

8.

No exemption under the FLSA applies to excuse Limousine Livery's failure to pay the appropriate wages.

9.

Additionally, Plaintiffs regularly and routinely performed work for which they were not paid, including both "on call" time and work performed prior to the start of the normal work day. The failure to pay Plaintiffs for this additional work time also violates the FLSA.

10.

Plaintiffs are informed and believe that other similarly situated employees or former employees of Limousine Livery were also denied payment of overtime and other wages in further violation of the FLSA. Accordingly, Plaintiffs file this Complaint on behalf of these other similarly situated individuals who may in the future decide to join this lawsuit as plaintiffs according to 29 U.S.C. §216(b).

11.

The information necessary for the exact determination of the amount due to each Plaintiff, and the names of putative plaintiffs, is within the control of Limousine Livery. After due discovery, the exact amounts due and the names of all putative plaintiffs will be included in an Amended Complaint and/or in response to discovery requests.

12.

Limousine Livery willfully violated provisions of the FLSA such that Plaintiffs demand payment for all overtime pay and improperly withheld wages for three (3) years prior to the day of filing of this action in accordance with 29 U.S.C. §255(a).

**LIQUIDATED DAMAGES**

13.

Plaintiffs demand from Limousine Livery an additional amount equal to the overtime compensation due as liquidated damages pursuant to 29 U.S.C. §§216 and 260.

**ATTORNEYS FEES AND COSTS**

14.

In accordance with 29 U.S.C. §216, Plaintiffs demand from Limousine Livery reasonable attorneys' fees and such costs as may be required to prosecute this action.

## JURY TRIAL

15.

Plaintiffs request a trial by jury.

**WHEREFORE**, plaintiffs Cathy Wade, Norman Rogers, and other similarly situated putative plaintiffs pray that defendant Limousine Livery, LTD be cited to appear and answer this lawsuit, and that after all due proceedings are had, there be judgment herein in favor of plaintiffs and against defendant awarding plaintiffs damages, liquidated damages, attorneys' fees, costs and interest. Plaintiffs further pray for all other legal and/or equitable relief to which they may be entitled.

Respectfully submitted,

**Chehardy, Sherman, Ellis, Murray,
 Recile, Griffith, Stakelum & Hayes, L.L.P.**

*s/George B. Recile*
**GEORGE B. RECILE, #11414
PATRICIA E. PANNELL** (#18665)
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
Attorney for Plaintiff

**WAIVER OF SERVICE WILL BE SENT TO DEFENDANT**