UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY WADE, NORMAN ROGERS, AND OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 12-0754 |
| LIMOUSINE LIVERY, LTD.,ET AL | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendants' "Motion to Dismiss and/or Stay the Claims of 16 Opt-Ins Pending Arbitration." Having carefully considered the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that the motion (Rec. Doc. 47) is **GRANTED** to the extent that the claims of the 16 plaintiffs identified in Defendants' motion are **STAYED PENDING ARBITRATION**.

As this Court recently stated in *Baricuatro v. Industrial Personnel and Management Services, Inc.*, Civil Action No. 11-2777, 2013 WL 757643, *2 (E.D. La. 2/27/13)(Engelhardt, J):

> "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) (citation and internal quotation omitted). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* (citation and internal quotation omitted). "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Id.* at 589 (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." Id. at 591 (quoting *Nicholas v. KBR, Inc.,* 565 F.3d 904, 910 (5th Cir.2009)). The Fifth Circuit has stated that "[t]hree factors are particularly relevant to the

prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir.2009) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F.3d 341, 346 (5th Cir.2004)) (internal quotation omitted).

For essentially the reasons set forth by Defendants in their memoranda (Rec. Docs. 47-1 and 63), the Court finds that the 16 opt-in plaintiffs have not borne their heavy burden of demonstrating that Defendants waived their right to arbitrate the claims at issue. Defendants filed the instant motion on May 21, 2013 – a little more than three months after receiving the names of the opt-in plaintiffs on February 13, 2013. Although some written discovery has been propounded to all of the opt-in plaintiffs, including the 16 at issue here, their responses have not yet been completed. Nor, to the Court's knowledge, have these plaintiffs been deposed. Also, it is not evident to the Court that any completed discovery pertinent to these plaintiffs could not be utilized in an arbitration proceeding. Finally, in urging that they may have to pay an arbitration filing fee, the 16 opt-in plaintiffs have not shown legal prejudice sufficient to preclude arbitration of their claim. The same is true with respect to any legal defenses that would apply equally in arbitration.[1] Accordingly, the Court finds Defendants' motion should be granted.

New Orleans, Louisiana, this 16th day of July 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
**Magistrate Judge Wilkinson**

---

[1] The 16 opt-in plaintiffs have not demonstrated that they will be subject to legal defenses in arbitration that otherwise would not apply equally here. Rather, they argue only that they "may be subject to new defenses" and that, even if unsuccessful, they "will have to respond to them." *See* Rec. Doc. 51, p. 12. Such assertions to not warrant a waiver finding.