UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY WADE, NORMAN ROGERS, AND OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 12-0754 |
| LIMOUSINE LIVERY, LTD., et al. | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendants' "Motion to Summarily Dismiss the Claims of Five Opt-Ins" (Rec. Doc. 48), which seeks relief pursuant to Rule 56 of the Federal Rules of Civil Procedure relative to certain of the claims at issue herein. Having carefully considered the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that the motion (Rec. Doc. 48) is **GRANTED**.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

1

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See* Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment.  *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary

2

judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.  Application of Legal Principles**

Applying the foregoing legal principles here, and for essentially the reasons stated in Defendants' supporting memoranda (Rec. Docs. 48-1 and 65), the Court finds that Defendants's motion should be granted. Although acknowledging that the claims asserted by Tammy Armstead, Stephone Hood, and Mary Gattuso are facially untimely, Plaintiffs have failed to demonstrate that application of the equitable tolling doctrine is warranted.

That is, Defendants timely provided Plaintiffs' counsel with a list of the names and last known addresses of the potential class members, in accordance with the Court's October 30, 2012 Order (Rec. Doc. 34). Furthermore, pursuant to that Order, which granted Plaintiffs' motion relative to proceeding as a collective action, it was the obligation of Plaintiffs' counsel, not defense counsel, to mail a notice and consent form to the potential class members on or before October 31, 2012, and to advise those recipients about applicable deadlines and the importance of timely opting into the suit. It was on *joint* motion of the parties, moreover, that the Court entered an order, on

3

October 30, 2012, tolling the statute of limitations between July 1, 2012 and October 15, 2012. *See* Rec. Doc. 35. And, lastly, as pointed out by Defendants, satisfying the January 31, 2013 case management opt-in deadline is a separate and different concept from timely filing for purposes of satisfying a statute of limitations.

With respect to the claims of Charles Spano, a former dispatcher, and Christopher Sadler, a former chauffeur trainee, Plaintiffs have not put forth evidence demonstrating the existence of a genuine dispute of material fact relative to whether either of the two worked any overtime. Likewise, Plaintiffs have not established that additional discovery is reasonably anticipated to provide such evidence. For instance, Plaintiffs have not disputed that drivers, as opposed to dispatchers, complete the trip tickets that Plaintiffs purport to seek through discovery. Nor do they offer any evidence, not even an affidavit, that Sadler completed more than twenty hours of work as a trainee.

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion. Thus, the particular claims addressed therein are dismissed with prejudice.

New Orleans, Louisiana, this 17th day of July 2013.

                                        **KURT D. ENGELHARDT**
                                        **United States District Judge**

**Clerk to Copy:**
**Magistrate Judge Wilkinson**